

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

V. R. Banks, Principal
Prairie View State Normal
and Industrial College
Prairie View, Texas

Dear Sir:

Opinion No. 0-5267
Re: Liability of Prairie View
State Normal and Industrial
College for refund of money
paid for maintenance and
tuition of student.

Your favor of April 24, 1943, requesting an opinion of this department on the above captioned subject has been received. Said request reads as follows:

"I should be pleased to have you give ruling on a case which we find no precedent in our experience upon which to render a decision. The case in point is this:

"A - On December 27, 1942, Mr. August Hoffman of Mt. Pleasant, Texas, sent his personal check in the amount of $140.00 by Marjorie Beatrice King, made payable to Prairie View State College, with the notation on it 'for maintenance and tuition for Majorie King.' This check was properly endorsed and said Marjorie King paid $20.00 on her January board and deposited in Student Account in her name $120.00. Three days afterwards she returned to the Cashier and stated that her mother had written to return the balance of $120.00, as it was not her purpose to let the amount remain here on deposit.

"(a) She drew a check for $120.00 and the Cashier paid over to her this amount. Early the next morning during breakfast hour, she slipped away from school; and when her whereabouts were known, she was in Los Angeles, California.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

V. R. Banks - Page 2

"B - Now Mr. August Hoffman has written a
letter stating that the $120.00 which the
young woman drew out of the college deposi-
tory was his, and he has requested refund.
The college has no funds from which it can
use to refund this amount. The point on
which we desire a ruling is whether the
college, under the circumstances, is liable
to Mr Hoffman for the amount of $120.00.

"I trust that I have given sufficient facts
in the case for your office to give us a
ruling as to the responsibility and relia-
bility of Prairie View State College in the
situation."

From the facts set out in your letter, it is
our opinion that August Hoffman is not entitled to a refund of the
$120.00 therein mentioned.

We think that when a student enrolls in the col-
lege and pays the amount required for maintenance and tuition,
the student would be entitled to the Board and courses of in-
struction paid for, but neither the student who paid the fees,
nor anyone else who may have paid same for the student would be
entitled to a refund of the sum paid upon the student voluntari-
ly leaving the school before the courses of instruction paid for
were finished unless the school wrongfully refused to render the
services paid for. Tyler Commercial College v. Reaslip, 42 S.W.
(2) 800.

We trust that the above answers your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY                     E. P. Price
                       Assistant

EPP:BT

o.k.
C.C.R.

APPROVED OPINION COMMITTEE BY

APPROVED MAY 6, 1943

ATTORNEY GENERAL OF TEXAS